UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIBCO SOFTWARE INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>FEI COMPANY,<br><br>    Defendant. | Case No. 5:17-cv-00696-EJD<br><br>**ORDER GRANTING FEI COMPANY'S MOTION FOR MORE DEFINITE STATEMENT** |

Defendant FEI Company moves for a more definite statement under Fed. R. Civ. P. 12(e). FEI's motion will be GRANTED.

**I.    LEGAL STANDARD**

Fed. R. Civ. P. 12(e) allows a party to move for a more definite statement if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Rule 12(e) motions "are viewed with disfavor, and are rarely granted." Cellars v. Pac. Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999). Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint

1

Case No.: 5:17-cv-00696-EJD
ORDER GRANTING FEI COMPANY'S MOTION FOR MORE DEFINITE STATEMENT

notifies the defendant of the substance of the claims asserted. Beery v. Hitachi Home Elecs., Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993). "If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." Id.

## II. DISCUSSION

In this action, Plaintiff Tibco Software Inc. alleges that FEI has failed to pay fees due under a software license agreement. Compl. ¶¶ 5–12, Dkt. No. 1. Tibco's sole cause of action alleges that FEI breached that agreement. Id. ¶¶ 13–18. Tibco's prayer for relief reads in its entirety:

> . . . Plaintiff prays for relief as follows:
>
> 1. For an order directing FEI to pay the license and maintenance fees due, plus prejudgment and post-judgment interest;
>
> 2. For costs of suit, expenses, and attorneys' fees; and
>
> 3. For such other and further relief as the Court deems just and proper.

Id. at 3.

FEI argues that it cannot determine "whether Plaintiff is seeking injunctive relief—i.e., presumably, an order requiring Defendant's specific performance of the Agreement—or money damages in an unspecified sum." Def.'s Mot. for More Definite Statement ("Mot."), Dkt. No. 11 at 4. Because of this ambiguity, FEI says, it cannot determine the affirmative defenses it may plead, or whether it is entitled to a jury trial. Id. at 5–7. FEI notes that the civil cover sheet states that Tibco seeks both "[m]onetary and injunctive relief." Dkt. No. 1-1.

Tibco responds that its desired remedy is "plain": it seeks "enforcement of the Agreement via payment of the fees due." Pl.'s Opp'n to Def.'s Mot. for More Definite Statement, Dkt. No. 18 at 3. Tibco does not directly address whether it seeks monetary or injunctive relief; instead, it argues that it "has not plead[ed] a cause of action for specific performance" and that "is not required to plead a separate cause of action for specific performance." Id. at 4. Tibco further argues that more definiteness is not required because FEI can choose not to respond at all. Id. at 5.

The Court agrees with FEI. As pleaded, the complaint is too vague to enable FEI to

2
Case No.: 5:17-cv-00696-EJD
ORDER GRANTING FEI COMPANY'S MOTION FOR MORE DEFINITE STATEMENT

adequately prepare an answer. As ordered below, Tibco must amended its complaint to clarify the remedies it seeks.

FEI also argues that Tibco's "unfounded claim for attorneys' fees is vague, particularly without reference to the Agreement, or any other basis for such a claim." Mot. at 7. Here, the Court disagrees. Tibco's claim for attorneys' fees is sufficiently clear.

### III. CONCLUSION

FEI's motion for a more definite statement is GRANTED. Within 14 days, Tibco shall file an amended complaint that clarifies the remedies it seeks. The hearing scheduled for April 27, 2017, is VACATED.

**IT IS SO ORDERED.**

Dated: April 21, 2017

_____
EDWARD J. DAVILA
United States District Judge