KIMBERLY D. HOWATT  (SBN: 196921)
khowatt@gordonrees.com
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone:  (619) 696-6700
Facsimile:  (619) 696-7124

ADAM M. TSCHOP (SBN: 209767)
Adam.Tschop@thermofisher.com
THERMO FISHER SCIENTIFIC INC.
5823 Newton Drive
Carlsbad, CA 92008
Telephone:  (760) 603-7200
Facsimile:  (760) 476-6048

Attorneys for Defendant FEI COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBCO SOFTWARE INC.<br><br>            Plaintiff,<br><br>     v.<br><br>FEI COMPANY,<br><br>            Defendant. | CASE NO. 17-CV-696-EJD<br><br>**DEFENDANT FEI COMPANY'S AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Dept.:  Courtroom 4, 5th Floor<br>Judge:  Hon. Edward J. Davila |

COMES NOW defendant FEI COMPANY ("FEI" or "Defendant") and hereby answers the First Amended Complaint ("Complaint") of the above-captioned plaintiff ("Plaintiff"), as follows:

1. Answering Paragraph 1 of the Complaint, upon review of public records, Defendant is informed and believes and based thereon admits that Plaintiff is a corporation organized and existing under the laws of the State of Delaware and that is address is 3303 Hillview Avenue, Palo Alto, California, 94304. As to the remainder of the allegations in this paragraph, Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them.

2. Answering Paragraph 2 of the Complaint, FEI admits that it is a corporation organized under the laws of the State of Oregon, that its principal place of business it 5350 N.E. Dawson Creek Drive, Hillsboro, Oregon, 97124, that it operates an office in Fremont, California, and that it designs, manufactures, and supports microscopy workflows. As to the remainder of the allegations in this paragraph, Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them.

3. Answering Paragraph 3 of the Complaint, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual matter, and thus Defendant is not required to admit or deny; however, to the extent necessary, Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and therefore denies them.

4. Answering Paragraph 4 of the Complaint, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual matter, and thus Defendant is not required to admit or deny; however, to the extent necessary, Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and therefore denies them.

5. Answering Paragraph 5 of the Complaint, Defendants admits that Plaintiff and FEI entered into a contract consisting of documents entitled "Software License and Services Agreement" and "Order Form", and that the Order Form identifies Plaintiff as "Licensor" and FEI as "Licensee". As to the remainder of the allegations in this paragraph, Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them.

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

1        6.      Answering Paragraph 6 of the Complaint, the document cited is the best evidence of its contents; as to the remainder of the allegations in this paragraph, Defendant lacks sufficient information to admit or deny such allegations and on that basis denies them.

      7.      Answering Paragraph 7 of the Complaint, the document cited is the best evidence of its contents; as to the remainder of the allegations in this paragraph, Defendant lacks sufficient information to admit or deny such allegations and on that basis denies them.

      8.      Answering Paragraph 8 of the Complaint, Defendant lacks sufficient information to admit or deny such allegations and on that basis denies them

      9.      Answering Paragraph 9 of the Complaint, Defendant admits that a multi-entity merger occurred with FEI as a surviving company.  As to the remainder of the allegations in this paragraph, Defendant lacks sufficient information to admit or deny the allegations, and therefore denies them.

      10.      Answering Paragraph 10 of the Complaint, Defendants denies the allegations.

      11.      Answering Paragraph 11 of the Complaint, Defendant admits that Plaintiff issued letter to Defendant seeking money therefrom.  As to the remainder of the allegations, Defendant denies them.

      12.      Answering Paragraph 12 of the Complaint, Defendant admits that more than forty-five days have passed with Plaintiff issued the above-referenced letter and that Defendant has not paid any money in response to that letter.  As to the remainder of the allegations, Defendant denies them.

      13.      Answering Paragraph 13 of the Complaint, the allegations in this paragraph are primarily argumentative and/or include legal rather than factual matter, and thus Defendant is not required to admit or deny; however, to the extent necessary, Defendant incorporates by reference its responses herein the paragraphs 1-12 of the Complaint.

      14.      Answering Paragraph 14 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and therefore denies them.

      15.      Answering Paragraph 15 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and therefore denies them.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1    16.    Answering Paragraph 16 of the Complaint, Defendant denies the allegations.

2    17.    Answering Paragraph 17 of the Complaint, Defendant denies the allegations.

3    18.    Answering Paragraph 18 of the Complaint, Defendant denies the allegations.

## PRAYER FOR RELIEF

Defendant is not obligated to respond Plaintiff's prayer for relief, as a matter of law; however, to the extent necessary, Defendant denies that Plaintiff is entitled to any of the relief requested thereby, or any relief at all.

## **AFFIRMATIVE DEFENSES**

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Defendant asserts the following:

## GENERAL ALLEGATIONS BY ANSWERING DEFENDANT

In addition to its admissions set forth above, Defendant alleges, as follows:

1.    TIBCO and FEI engaged in negotiations relative to the terms of a software license and services agreement, consisting of documents entitled "Order Form" and "Software License and Services Agreement", to which TIBCO refers as the "Agreement" at Complaint ¶ 5. It is unclear from Plaintiff's pleadings whether or not it is Plaintiff's position that these two documents constitute the entirety of the contract it alleges, or if there are other materials that are a part of the alleged contract.

2.    The Order Form component of the Agreement contains a provision pertaining to an "Extraordinary Corporate Event." This provision and term are unclear and ambiguous, and/or undefined with the Agreement, and/or require reference to materials outside the Agreement, and Plaintiff and Defendant disagree as to their interpretation. FEI maintains that its interpretation of the subject Agreement language is reasonable.

3.    The communications relative to the negotiation of the Agreement, and Plaintiff's prior and subsequent conduct, reflect the parties' intent and understanding that the Agreement language cited by Plaintiff would not apply to an event where FEI was acquired by a company, as opposed to a circumstance where FEI was the acquiring entity. To interpret the Agreement in the manner proposed by TIBCO would lead to an absurdity.

4.      Prior to the Agreement, FEI had acquired other entities, which was publically known and available to Plaintiff.

5.      In a prior acquisition transaction involving FEI, Plaintiff did not take any action under the Agreement relative to such event.

6.      In May 2017, TIBCO sent FEI an invoice seeking to renew the maintenance component of the Agreement, quoting a charge based upon the original Agreement amount, and not the increased fees and percentages asserted in the context of this lawsuit.

7.      The Agreement contains an entire section entitled "Limitation of Liability" (Section 17), which includes express limitation(s) on liability of the parties which bar(s) TIBCO's subject lawsuit, and express limitation(s) on any damages recoverable by TIBCO.

8.      The Agreement also expressly requires that a written amendment be executed by duly authorized officers of Plaintiff and Defendant in the case of an Extraordinary Corporate Event preparatory to making the Agreement applicable.

9.      The Agreement expressly requires the consent of one party to any assignment of the Agreement by the other party, including in the instance of change in control of Defendant; otherwise any attempted assignment is void.  Upon information and belief, Plaintiff did not convey any such consent under the Agreement to Defendant.

SPECIFIC AVOIDANCES AND AFFIRMATIVE DEFENSES

As for its avoidances and affirmative defenses to the Complaint, based upon and incorporating by this reference the foregoing admissions and allegations, and with each avoidance and affirmative defense set forth below incorporating the facts alleged specific to each of the others, Defendant asserts the following:

FIRST AFFIRMATIVE DEFENSE

The Complaint fails in whole or part to state facts sufficient to state a cause of action, or a claim upon which relief can be granted, or entitlement to the relief requested, particularly, *inter alia*, given the uncertainty and ambiguity of the alleged documents and/or terms that constitute the subject contract; the lack of factual allegations to support the mere conclusory allegations that the Agreement is a valid and enforceable contract and that

Plaintiff performed (Complaint ¶¶ 14-15), among others; because of the allegations that are asserted by Plaintiff merely "on information and belief" and without supporting facts (*see e.g.*, Complaint ¶9); and, because there is no legal or factual basis alleged for the recovery of "expenses" as distinct from "fees" or "costs". Accordingly, Defendant reserves its defensive rights under Rule 12, pursuant to, *inter alia*, Fed. R. Civ. P. 12(c) and 12(h)(2).

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred in whole or part by the doctrines of waiver and/or estoppel, particularly given Plaintiff's conduct relative to other acquisition(s) involving Defendant and its May 2017 invoicing based on the original contract amount, i.e., after both the alleged acquisition and the filing of this lawsuit, on which conduct Defendant has relied.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred by the doctrine of unclean hands from maintaining its Complaint and all claims for relief stated therein because, *inter alia*, Plaintiff's proposed interpretation of the subject provision in intentionally manufactured and contrived in a manner that conflicts with the parties' intended and understood meaning thereof, and Plaintiff's own conduct before and after the subject lawsuit was filed.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery herein by virtue of the fact that it failed to perform certain conditions of the alleged contractual agreement(s) in issue which were on Plaintiff's part to be performed, and/or certain conditions precedent to the maturation of contractual duties allegedly owed by others did not occur, including but in no way limited to its provision of consent to an assignment of the Agreement upon the acquisition and/or the execution of a written amendment as required to make the Agreement applicable in the case of an Extraordinary Corporate Event. Upon information and belief, Defendant anticipates that discovery and ongoing investigation in this case may reveal additional instances of non-performance by Plaintiff.

///

///

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's allegations assume obligations non-existent, not contracted for, and/or outside any agreement or relationship with Defendant, and in particular, but not limited to, that Defendant would be required to pay additional monies and fees in the instance that it is involved in a multi-entity merger transaction and/or that the Agreement is applicable without a signed written amendment following the alleged Extraordinary Corporate Event.

### SIXTH AFFIRMATIVE DEFENSE

Any duty or performance by Defendant is excused by reason of failure of consideration or performance by Plaintiff as described above, anticipatory breach, and/or breach, including in that Plaintiff seeks to impose charges and fees upon Defendant in violation of the fee stated on the Order Form and the Fees section of the Agreement (Section 11).

### SEVENTH AFFIRMATIVE DEFENSE

The claim of liability asserted in Plaintiff's Complaint is barred, waived, and/or limited by the express terms of the alleged underlying contract(s), as set forth in Section 7 of the Agreement entitled "Limitation of Liability", and in particular, Sections 17.1 and 17.2.

### EIGHTH AFFIRMATIVE DEFENSE

The claim for damages asserted in Plaintiff's Complaint is barred, waived, and/or limited by the express terms of the alleged underlying contract(s), as set forth in Section 7 of the Agreement entitled "Limitation of Liability", and in particular, Sections 17.1 and 17.2.

### NINTH AFFIRMATIVE DEFENSE

Any duty or performance by Defendant is excused by accord and satisfaction based upon Plaintiff's acceptance of prior payments by Defendant, and similarly, by the doctrines of release (express or implied), license (express or implied), and/or acceptance by Plaintiff, particularly given that Plaintiff did not affirmatively terminate the alleged underlying contract.

### TENTH AFFIRMATIVE DEFENSE

Defendant has not knowingly or intentionally waived any applicable defenses, including those set forth in Fed. R. Civ. P. 8(c), and reserves the right to amend, assert, and rely on any other defenses as may become available or apparent during this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays the Court determine and adjudge:

1. That the Complaint, and all claims alleged therein, be dismissed with prejudice;

2. That Plaintiff recover nothing;

3. That Defendant be awarded its costs and attorneys' fees incurred in this action; and,

4. That Defendant be awarded such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial on any and all issues in the Complaint as to which a jury is available under applicable law.

Dated: June 16, 2017                         GORDON & REES LLP

                                             By:   /s/ Kimberly D. Howatt
                                                   Kimberly D. Howatt
                                                   Attorneys for Defendant
                                                   FEI COMPANY

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-8-
DEFENDANT FEI COMPANY'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2017, a copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

*/s/ Sylvia Luyon*